UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINCOLN GENERAL INSURANCE COMPANY | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:07-CV-1985-B |
| US AUTO INSURANCE SERVICES, INC., et al. | § § § § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Unopposed and Consented to Motion to File its Second Amended Complaint (hereinafter "Motion") (doc. 113). After review of the Motion and the applicable law, and for the reasons stated below, the Court finds that the Motion should be, and hereby is, **DENIED**.

Plaintiff Lincoln General filed this lawsuit on November 27, 2007. The Scheduling Order in this case sets forth the deadline for joinder of parties or amendment of pleadings as April 18, 2008, but this was later extended to April 30, 2008. The trial date was originally set for January, 26, 2009, but has since been continued to May 18, 2009. On April 30, 2008, Lincoln General sought to amend its complaint to clarify its claims against the original defendants, add additional claims against the original defendants, and join additional parties as defendants. That motion was unopposed and consented to by the original defendants. That motion for leave to amend, which was filed before the deadline to seek leave to amend had expired, was granted by the Court. The Amended Complaint was filed by Lincoln General on May 1, 2008. Lincoln General filed the instant Motion

seeking leave to file a Second Amended Complaint on March 27, 2009.

Once a court has entered a scheduling order and the deadline for amending pleadings has passed, the decision to permit post-deadline amendments is governed by Rule 16(b) of the Federal Rules of Civil Procedure, not Rule 15. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Pursuant to Rule 16, a scheduling order should not be modified unless there is a showing of good cause. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."); *see also* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

The Fifth Circuit has set forth four factors for determining whether a movant has established good cause for modification of a scheduling order after the deadline has passed:

> (1) the explanation for the failure to timely move for leave to amend;
>
> (2) the importance of the amendment;
>
> (3) potential prejudice in allowing the amendment; and
>
> (4) the availability of a continuance to cure such prejudice.

*S&W Enters., L.L.C.*, 315 F.3d at 536. "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Dallas*, No. 3:03-CV-0256-D, 2004 WL 1243151, at * 2 (N.D. Tex. June 4, 2004). A party's mere inadvertence to meet a deadline imposed by a scheduling order, and the absence of prejudice to the opposing side, are insufficient to establish good cause. *Id.* Rather, one must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, No. 3:96-CV-3363-D, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998)). Rule 15(a), which allows for liberal leave to amend, only comes into play once the moving party has demonstrated good cause

under Rule 16(b). *S&W Enters.*, 315 F.3d at 536.

The Court initially notes that the deadline for amendment of pleadings passed on April 30, 2008. In its Motion, Lincoln General solely addresses the "liberal amendment" policy of Rule 15 and represents that the consent of the Defendants should be sufficient to allow its pleading amendment. *See* FED. R. CIV. P. 15(a)(2). However, Lincoln General sought leave to amend merely seven weeks before the trial date and long after the deadline to amend had passed. The Court is not inclined to allow amendment at such a late juncture, even with consent of the Defendants. While Lincoln General does provide some explanation behind its request to amend, it does not address Rule 16 and the "good cause" factors set forth by the Fifth Circuit to be considered when a party seeks amendment of pleadings after the deadline to amend has passed. *See S&W Enters., L.L.C.*, 315 F.3d at 536; FED. R. CIV. P. 16(b)(4). Lincoln General argues that allowing amendment would not cause prejudice to the defendants, but it does not address the other factors, most notably the importance of the amendment. *See S&W Enters., L.L.C.*, 315 F.3d at 536; *Forge,* 2004 WL 1243151, at * 2. Therefore, Lincoln General has not demonstrated good cause for amendment of the complaint.

For the reasons set forth above, the Court **DENIES** Lincoln General's Motion to File its Second Amended Complaint  (doc. 113).

SO ORDERED.

SIGNED April 28, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE